FILED

2011 Feb-23  PM 01:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ROOSEVELT ROBINSON,           }
                              }
      Plaintiff,              }
                              }       CIVIL ACTION NO.
v.                            }       11-AR-0046-S
                              }
PUBLIX SUPER MARKETS, INC.,   }
                              }
      Defendant.              }
                              }
                              }
```

**MEMORANDUM OPINION**

Before the court is the Rule 12(b)(6) motion of defendant, Publix Super Markets, Inc. ("Publix"), to dismiss the complaint of plaintiff, Roosevelt Robinson ("Robinson"), who attempts to state three separate causes of action against Publix: 1) racial discrimination and harassment under Title VII and §1981; 2) a state law claim of negligent hiring, supervision, training and retention; and 3) a state law claim of intentional infliction of emotional distress. (Doc. 1.) The court agrees with Publix that Robinson's complaint fails to meet the pleading requirements of *Twombly* and *Iqbal*. The motion to dismiss will be granted, giving Robinson seven (7) calendar days to amend to meet the standards of *Twombly* and *Iqbal*. Robinson may find this hard to do. His complaint is the product of a cookie cutter.

Under Rule 12(b)(6), "[a] motion to dismiss should be granted if the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). When considering such a motion, a court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *M.T.V. v. Dekalb County. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Hernandez v. Two Bros. Farm, LLC*, 579 F.Supp. 2d 1379, 1382 (S.D.Fla. 2008) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). **"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."** *Id.* (emphasis added).

In the present case, the court could deduce early in reading the complaint that Robinson is black, although he only alleges that he is a male. He makes no gender claim, making this deduction possible even before Robinson subsequently mentions his race. He claims that in July 2009, he was subjected to two racist comments on one day by a white manager, Michael Moates, to whom Robinson was temporarily assigned. The first comment occurred while Robinson was weighing meat for a customer. Moates asked Robinson if the weight was correct. Robinson said "it was close." Moates then said, "yes I am sure you are with all those damn scales you have at home." (Doc. 1 at 3). According to Robinson, this statement accused him of being a drug dealer. (Doc. 1 at 3.) Neither the comment, nor the

complaint's description of it, attempts to connect Robinson's race with what Moates said. It was a remark that could easily have been aimed at a white employee by a surly supervisor having a bad day.

The second comment, made later the same day by Moates, involved Robinson's co-worker, Calvin Sterling. Robinson's complaint alleges: "Moates asked Plaintiff if he was related to Calvin Sterling and kept on about how much he and Plaintiff looked alike and that Plaintiff should go home and ask his mother, which was a disparaging and racially offensive comment about Plaintiff and his mother." (Doc. 1 at 3-4.) Whether or not Robinson and Sterling look alike is neither facially nor implicitly racially derogative or inflammatory. For aught appearing, Sterling was a very handsome man. While Robinson may have found the remark offensive, the comment did not disparage Robinson's race. This court was once told that he looks like Gregory Peck.

Two casual remarks on one day within a lengthy period of employment do not constitute the racial discrimination and racial harassment that is proscribed by Title VII and §1981. The court cannot even ascertain from the complaint whether Robinson is still employed, or was terminated, or was allegedly constructively discharged. Neither can the court tell whether Robinson complained to higher management in Publix about the alleged harassment before he took it to the EEOC. Robinson's state law claims are also deficient, but will be dismissed without prejudice in the absence of federal question jurisdiction. If Robinson amends and succeeds

in stating a federal cause of action, the court will necessarily have to rule on the sufficiency of the state claims under this court's supplementary jurisdiction.

DONE this 23rd day of February, 2011.


_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE